# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | EP-20-CR-00711-FM |
| v. § | |
| § | |
| HORACIO GUZMAN, § | |
| § | |
| Defendant. § | |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Before the court is "Petitioner's Motion Under 18 U.S.C. § 3582" [ECF No. 87], filed December 22, 2022, by Horacio Guzman ("Petitioner"). Therein, Petitioner requests for a reduction in his sentence.[1] Upon due consideration of the motion and applicable law, the motion is **DENIED**.

## I. BACKGROUND

On March 26, 2021, Petitioner was sentenced to a term of imprisonment of one hundred twenty months following a guilty plea to one count of possession of a controlled substance with intent to distribute pursuant to 21 U.S.C. § 841(a)(1) and one count of importation of a controlled substance pursuant to 21 U.S.C. 952(a).[2] Petitioner was apprehended while attempting to enter the United States via pedestrian lanes at the Paso Del Norte Port of Entry in El Paso, Texas.[3] A U.S. Customs and Border Protection officer conducted a search of Petitioner and found two bundles of

---

[1] "Petitioner's Motion Under 18 U.S.C. § 3582" ("Mot.") 9, ECF No. 87, filed Dec. 22, 2022.

[2] "Government's Response in Opposition to Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) as Amended by the First Step Act of 2018" ("Response") 2, ECF No. 93, filed Jan. 31, 2023.

[3] *Id.* at 1.

1

methamphetamine weighing 1.3 kilograms concealed between his legs.[4] Petitioner had claimed he was threatened into transporting the illegal drugs but he also admitted to successfully transporting drugs into the United States in the same manner, for the same individuals, between seven to ten times prior to the instant offense.[5]

## II. LEGAL STANDARD / APPLICABLE LAW

18 U.S.C. § 3582(c)(1)(A) provides that "the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment, after considering the factors set forth in 3553(a) to the extent that they are applicable."[6] A court must find that the defendant has "extraordinary and compelling reasons" to warrant a reduction; or "defendant is at least 70 years of age, has served at least 30 years in prison, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community."[7]

The ability for a defendant to file a compassionate release motion was added by Congress when the First Step Act was passed in 2018. However, the First Step Act did not address the murkiness of what constitutes "extraordinary and compelling reasons" warranting a sentence

---

[4] *Id.*

[5] *Id.* at 2.

[6] 18 U.S.C. § 3582(c)(1)(A) (2018).

[7] *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3582(c)(1)(A)(ii).(2018).

reduction.[8] Congress left the power to define extraordinary and compelling reasons to the Sentencing Commission. The Commission added commentary in 2016 articulating extraordinary and compelling reasons as those falling within: (A) medical conditions of the defendant; (B) age of the defendant; (C) family circumstances; and (D) other reasons.[9] However, the Fifth Circuit ruled that this commentary is no more than a point of reference for courts because this commentary only applies to "motions of the Director of the Bureau of Prisons" and not motions brought by defendants after the First Step Act.[10] "We conclude that neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582."[11] Thus, courts must review a defendant's compassionate release motion on a case-by-case basis to determine if extraordinary or compelling reasons are present.

### III. DISCUSSION

The government first argues that Petitioner has not satisfied the procedural requirement of "exhausting administrative remedies" The government relies on an affidavit of the Case Management Coordinator at FCI Florence, where the Petitioner is located, where he attests to not receiving the Petitioner's request for compassionate release.[12] This is buttressed with points regarding the thoroughness of the BOP's procedure in reviewing such requests.[13] In contrast, the

---

[8] *United States v. Shkambi*, 993 F.3d 288 at 392 (2021).

[9] *See id.* at 391.

[10] *See id.* at 392 ("The text of the commentary confirms the limited applicability of § 1B1.13. Application of note 4 of the commentary makes clear that a 'reduction under this policy statement may be granted only upon a motion by the Director of Bureau of Prisons.' That note expressly limits the policy statement's applicability to motions filed by the BOP.").

[11] *Id.* at 393.

[12] Response at 5.

[13] *See id.* at 6.

Petitioner has attached his request form for compassionate release with his motion.[14] Having reviewed the Petitioner's attached request form and the government's affidavit, the court finds that Petitioner has satisfied his procedural requirements of fully exhausting his administrative rights.

Petitioner argues that his chronic obstructive pulmonary disease ("COPD") and variable cardiopulmonary disease constitutes extraordinary and compelling reasons warranting a sentence reduction.[15] The government argues that Petitioner is getting adequate care while in BOP custody.[16] Additionally, the Petitioner is not at a heightened risk of COVID-19 because he is vaccinated.[17] Thus, his COPD and other cardiopulmonary disease does not constitute extraordinary and compelling reasons.

It should be noted that the authority Petitioner relies on involves compassionate release cases during the height of the COVID-19 pandemic and before vaccines became widely available for said pandemic. Since then, some circuit's regard compassionate release motions that rely on health complications and increased risk for COVID-19 as follows: "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."[18] Additionally the Seventh Circuit stated, "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and

---

[14] Mot. at 11.

[15] *Id.* at 3.

[16] Response at 7 (Defendant has received fluticasone propionate spray, amoxicillin, albuterol inhaler HFA, fluticasone/salmeterol inhaler, ipratropium inhalation, and nebulizer for his COPD condition. (citing Government Exhibit 2, ECF No. 96-1, filed Feb. 1, 2023.).

[17] *Id.* at 8.

[18] United States v. Traylor, 16 F.4th 485, 487 (6th Cir. 2021).

compelling' reason for immediate release."[19] The government has provided records that indicate the Petitioner has received three vaccines for COVID-19;[20] therefore, Petitioner has no increased risk for COVID-19 that would warrant extraordinary or compelling reasons.

Without a heightened risk to COVID-19 Petitioner relies on his COPD and cardiopulmonary disease alone to establish extraordinary or compelling reasons. Many courts have ruled that COPD does not establish an extraordinary or compelling reason warranting compassionate release.[21] Like in those cases, Petitioner in this case is being adequately treated for his COPD and other pulmonary disease by the BOP. In Petitioner's own attached medical records, the medical practitioner notes that "lungs are clear" and "[n]o acute cardiopulmonary disease" noted.[22] Petitioner has many recorded and active prescriptions for an "Albuterol Inhaler" to assist with his pulmonary conditions, and he has not noted any difficulties with seeing medical professionals while serving his sentence.[23] Therefore, petitioner has not demonstrated "extraordinary or compelling reasons" warranting a sentence reduction or compassionate release.

Accordingly, the court enters the following orders:

1. it is **HEREBY ORDERED** that "Petitioner's Motion under 18 U.S.C. § 3582" [ECF No. 87] is **DENIED**.

---

[19] United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021).

[20] *See* Government Exhibit 2 62, ECF No. 96-1, filed Feb. 1, 2023; *see also* Response at 8–9.

[21] United States v. Powell, No. 20-14236, 2021 WL 3028766 (11th Cir. 2021) (Powell was not entitled to relief based on his COPD because he failed to show how this condition substantially diminished his ability to provide self-care. It was noted that there were medical records indicated that his COPD was being treated and managed by the BOP.); *see also* United States v. Hignight, No. 4:14-CR-129(4), 2021 WL 5299249 (E.D. Tex. Nov. 12, 2021) (COPD cannot constitute extraordinary and compelling reasons because it is a prevalent condition in the world and petitioner was receiving adequate care for it by the BOP.); *see also* United States v. Morrison, No. 2:13-CR-098, 2021 WL 2637393 (E.D. Tenn. June 25, 2021) (determining that petitioner's COPD does not warrant extraordinary or compelling reasons during the COVID-19 pandemic because their medical records show that it is being treated and under control.).

[22] *See* Mot. at 17.

[23] *See* Government Exhibit 2 63, ECF No. 96-1, filed Feb. 1, 2023.

2. The Clerk of the Court is **INSTRUCTED** to mail a true and correct copy of this order to Horacio Guzman, #96991–080, FCI FLORENCE, FEDERAL CORRECTIONAL INSTITUTION, P.O. BOX 6000, FLORENCE, CO, 81226.

**SIGNED AND ENTERED** this 23 day of **February 2023.**

**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**